**Maroun ZEIDAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73666.

Agency No. A72–441–110.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

■

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Maroun Zeidan, Tarzana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Maroun Zeidan, a native and citizen of Lebanon, petitions pro se for review of the Board of Immigration Appeals' ("BIA") opinion affirming an immigration judge's denial of his applications for asylum, withholding of deportation and protection under the Convention Against Torture ("CAT"). Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding because Zeidan's testimony was inconsistent with his asylum application regarding the circumstances surrounding his brothers' deaths and whether his persecutors continued to actively pursue him after 1987. These events go to the heart of his asylum claim. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000) (explaining that inconsistencies in the petitioner's testimony that go to the heart of applicant's asylum claim justify an adverse credibility finding). Moreover, the BIA properly rejected Zeidan's explanation that he did not know the con-

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tents of his asylum application because Zeidan initially testified that he was familiar with the contents of the application. *See id.* at 939.

■ Because Zeidan failed to qualify for asylum, he necessarily failed to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

■ Because Zeidan failed to show that he is more likely than not to be tortured upon return to Lebanon, the BIA properly rejected his claim under the CAT. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**